**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MATTHEW DAVIS,

    *Plaintiff*,

vs.

LT V. OLIVIAS*, et al.,*

    *Defendants*.

2:12-cv-01294-JCM-GWF

ORDER

This *pro se* prisoner civil rights action by Nevada state inmate comes before the court for initial review under 28 U.S.C. § 1915A. The court is deferring action on plaintiff's pauper application pending initial review pursuant to the court's inmate mediation program. However, if the action is dismissed by a final judgment following upon this order, the pauper application then will be processed according to the Prison Litigation Reform Act.

At the very outset, plaintiff did not sign the complaint. Plaintiff will be given an opportunity to submit a signed pleading in response to this order. If he does not do so timely, final judgment dismissing the action then will be entered.

The unsigned complaint in any event does not state a claim upon which relief may be granted. The complaint alleges that plaintiff was placed in "the hole," *i.e.*, an administrative or disciplinary segregation unit, pending a disciplinary hearing. According to the complaint, the charges were dismissed, but the classification committee thereafter kept plaintiff in the segregation unit for another 103 days. According to the complaint, the committee told plaintiff that he was being held in segregation for the safety and security of the institution; and an

officer told plaintiff that he did not want plaintiff in general population because he had been having problems with female officers.

The foregoing allegations do not state a due process claim. Being subjected to *arguendo* disciplinary segregation, which mirrors the conditions of administrative segregation and protective custody, in and of itself does not give rise to a liberty interest protected by procedural due process guarantees. *See, e.g., Sandin v. Conner,* 515 U.S. 472, 485-86 (1995). Segregation confinement gives rise to a protected liberty interest only if the conditions of the confinement constitute an atypical and significant hardship in relation to the ordinary incidents of prison life or the confinement affects the duration of the inmate's sentence. *Id.* The complaint fails to allege specific facts that would tend to establish the deprivation of a protected liberty interest under these standards.

The complaint therefore will be dismissed without prejudice. If plaintiff does not timely file an amended pleading in response to this order both that is signed and that states a claim upon which relief may be granted, a final judgment of dismissal will be entered without further advance notice.

IT THEREFORE IS ORDERED that the complaint is DISMISSED without prejudice, subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies in the complaint, if possible, by presenting an amended complaint that both is signed and that states a claim upon which relief may be granted.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, **2:12-cv-01294-JCM-GWF**, above the word "AMENDED" in the space for "Case No."

Under LR 15-1 of the local rules, any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

1  The clerk shall provide plaintiff with a copy of the original complaint that he submitted together with two copies of a § 1983 complaint form and one copy of the instructions for same.

If an amended complaint is filed in response to this order, the court will screen the amended pleading before ordering any further action in this case.

If plaintiff does not timely mail an amended complaint to the clerk for filing, a final judgment dismissing this action will be entered without further advance notice. If the amended complaint does not correct the deficiencies identified in this order and otherwise does not state a claim upon which relief may be granted, a final judgment dismissing this action will be entered and the pauper application then will be processed according to the Prison Litigation Reform Act.

DATED: March 1, 2013.

_____
JAMES C. MAHAN
United States District Judge